UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMIR HASSAN EL,<br><br>               Plaintiff,<br>      v.<br><br>HUGH STEWART,<br><br>               Defendants. | Case No. C19-6012 RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 15, 2019 |

This matter comes before the Court on plaintiff's motion to proceed *in forma pauperis* and proposed complaint. Dkt. 1. Plaintiff is proceeding *pro se* in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court deny plaintiff's application to proceed *in forma pauperis*.

**BACKGROUND**

Plaintiff's proposed complaint alleges that on May 3, 2019, he filed an "affidavit of Allodial Secured Land Property Repossession Written Statement" with Clark County. Dkt. 1-1 at 6. Plaintiff alleges that this established his claim to the identified property and that the property was his "ancestral estate." *Id*. Plaintiff further alleges that he sent notices of this claim to all interested parties informing them that they had three days to dispute or rebut his affidavit, and that his affidavit remains unrebutted. *Id*.

REPORT AND RECOMMENDATION - 1

1     Next, plaintiff states that on September 23, 2019, the Camas Police department trespassed

2  on the property plaintiff had claimed, to arrest plaintiff and his guest. *Id*. Plaintiff alleges that this

3  arrest "resulted in multiple violations of true law." *Id*. Plaintiff seeks as relief, $6,763,000 in

4  damages, $20,289,000 in punitive damages and possession of the property at 2822 NW Lacamas

5  Drive, Camas, Washington. *Id*. at 7.

6     Additionally, plaintiff attached the referenced "Affidavit of Clear Perfect Allodial Land

7  Title" to his complaint. *Id*. at 9-12. The affidavit asserts there is a Treaty of Peace and Friendship

8  of 1787[1]; under this Treaty plaintiff belongs to a sovereign government within the United States

9  that has property claims within the United States. *Id*. The affidavit further states that plaintiff

10  owns the property in Camas Washington as a result of an inheritance dating back to "Ancient

11  Times Immemorial." *Id*. In addition, the affidavit alleges that plaintiff and the land claimed, are

12  not subject to state or federal law and only subject to laws of the "Moorish National Republic

13  Federal Government." *Id*.

14                               **DISCUSSION**

15     The Court must dismiss the complaint of a litigant proceeding *in forma pauperis* "at any

16  time if the [C]ourt determines" that the action: (i) "is frivolous or malicious"; (ii) "fails to state a

17  claim on which relief may be granted" or (iii) "seeks monetary relief against a defendant who is

18  immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it has no

19  arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

---

[1] A treaty between the United States and Morocco, "executed in response to the ill of piracy rampant during the 15th to 18th centuries in the coastal waters and ports of the [sic] North Africa and the high 'protection fees' charged by North African rulers for maintaining peace in their coastal waters and ports." *Ali v. Scotia Grp. Mgmt. LLC*, No. 18-cv-00124-TUC-JGZ, 2018 WL 3729742 at *11 (D. Ariz. Aug. 2, 2018) (*quoting Murakush Caliphate of Amexem Inc., v. New Jersey*, 790 F.Supp. 2d 241, 260 n.16 (D.N.J. 2011).

1    Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it
2 "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an
3 opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050,
4 1055 (9th Cir. 1992). On the other hand, leave to amend need not be granted "where the
5 amendment would be futile or where the amended complaint would be subject to dismissal."
6 *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

7    The complaint alleges the defendants have not recognized plaintiff's claim to title of the
8 identified property. Plaintiff is alleging that under the Treaty of Peace and Friendship of 1787, he
9 is a member of a sovereign government within the United States with ancestral claims to the land
10 identified in the complaint. Dkt. 1-1 at 10-11. Several courts have held that claims relying on this
11 treaty as the basis for civil suits arising from events occurring within the United States are
12 facially frivolous. *Bey v. Stumpf*, 825 F.Supp. 2d 537, 557-558 (D.N.J. 2011) (explaining the
13 history of frivolous litigation under the Treaty of Peace and Friendship 1787), *Murakush*
14 *Caliphate of Amexem Inc.*, 790 F.Supp 2d. at 272, *Wiley v. S.C.*, 6:18-cv-0694-BHH-KFM, 2018
15 U.S. Dist. LEXIS 73992 at *5 (D.S.C. March 26, 2018); *El v. O'Brien*, 12-cv-1793-DLI-JMA,
16 2012 WL 2367096 at *10 (E.D.N.Y. June 20, 2012).

17    Here, plaintiff's claim is based on a treaty intended to stop piracy in North Africa; this
18 Court should hold that plaintiff's claim has no basis in law or fact, and therefore is frivolous
19 because it cannot be the basis of a civil claim for conduct occurring within the United States.
20 *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984); *Bey v. Stumpf*, at 557-558. Thus,
21 plaintiff's complaint is frivolous and any attempt to amend the complaint would be futile.

**CONCLUSION**

For the foregoing reasons, the undersigned recommends that plaintiff's application to proceed *in forma pauperis* should be DENIED.

Plaintiff has **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **November 15, 2019**, as noted in the caption. If no objections are filed, and if plaintiff does not pay the filing fee, then the Court should dismiss this case without prejudice.

Dated this 1st day of November, 2019.

*[signature]*

Theresa L. Fricke
United States Magistrate Judge